THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DENNIS KREUTZER                                                    PLAINTIFF

vs.                                      NO: 4:08CV00571 BSM

COORSTEK, INC.                                                     DEFENDANT

## ORDER

Pending before the court is plaintiff's motion to remand for lack of subject matter jurisdiction. Plaintiff contends that his claims are not covered by the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. Defendant has responded. For the reasons set forth herein, the court finds that the motion should be granted.

## I. BACKGROUND

Plaintiff was previously employed by ACI, A Coors Ceramics Company (ACI). In the early 1990's, ACI wanted to transfer plaintiff to another state to work. Plaintiff did not wish to transfer and the parties agreed that in return for plaintiff's resignation, ACI would pay plaintiff a monthly "subsidy pay" in the amount of $660.00. The July 10, 1990 memorandum setting forth the payments, states that the monthly payment is for "lifetime retirement supplement." It is to be paid until plaintiff dies or another mutual agreement is reached. (Complaint, Ex. A).

In June, 2007, defendant stopped paying plaintiff. Plaintiff brought an action in the Circuit Court of Saline County, Arkansas, alleging breach of contract and promissory estoppel. On June 20, 2008, defendant removed this action pursuant to 28 U.S.C. § 1441, alleging that plaintiff's claims are preempted by ERISA. Defendant also removed on the basis of diversity jurisdiction. It has acknowledged, however, that the amount in controversy is less than $75,000.00 and concedes that diversity jurisdiction does not exist.

*II.  DISCUSSION*

A.   ERISA Preemption

Congress enacted ERISA to protect participants' interests in employee benefit plans through substantive regulatory requirements. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).  Central to its concern with uniform regulation is ERISA's expansive pre-preemption provisions " which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Id.* (internal quotation marks and citation omitted).

Thus,  ERISA preempts state laws in so far as they "relate to any employee benefit plan . . . ."  29 U.S.C. §1144(a).  Claims brought to recover benefits or enforce rights under an ERISA benefit plan are regarded as arising under the laws of the United States and are removable under the doctrine of "complete preemption."    *Neumann v. A T& T Commc'ns, Inc.*, 376 F. 3d 773, 779 (8th Cir. 2004).  Common law contract and tort claims which relate to an employee benefit plan covered by ERISA are preempted by ERISA. *Metropolitan Life Ins. v. Taylor,* 481 U.S. 58, 62 (1987).  The "express pre-emption provisions of ERISA are deliberately expansive." *Pilot Life Ins. Co. v. Dedeaux*, 418 U. S. 41, 45 (1987).

An "employee benefit plan" is defined as either an employee welfare benefit plan or an employee pension benefit plan.  29 U.S.C. §1002(3)**.**  If the monthly payment agreement at issue in this case constitutes an employee benefit plan, then it is covered by ERISA and the case is properly removable to federal court.  If it is not covered by ERISA, removal was improper. *Crews v. Gen'l Am. Life Ins. Co.*, 274 F. 3d 502, 505 (8th Cir. 2001).

B.  Existence of ERISA Plan

Existence of a "plan" is a prerequisite to ERISA jurisdiction. *Bannister v. Sorenson*, 102 F.

3d 632, 636 (8th Cir. 1996)  The existence of an ERISA plan is a mixed question of law and fact.

*Kulinski v. Medtronic Bio-Medicus, Inc.*, 21 F. 3d 254, 256 (8th Cir. 1994).

No particular formality is required to show the existence of a plan.  *Donovan v. Dillingham*, 688 F. 2d 1367, 1372 (11th Cir. 1982).

> [A] "plan, fund, or program" under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits. To be an employee welfare benefit plan, the intended benefits must be health, accident, death, disability, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits; the intended beneficiaries must include union members, employees, former employees or their beneficiaries; and an employer or employee organization, or both, and not individual employees or entrepreneurial businesses, must establish or maintain the plan, fund, or program.

*Donovan,* 688 F. 2d at 1373.   *Donovan* is considered the leading authority on the proof required to demonstrate that an ERISA plans has been created.   Peter J. Wiedenbeck, *ERISA in the Courts* 38 (Fed. Jud. Center 2008).  The *Donovan* test has been adopted by the Eighth Circuit.  *Harris v. Arkansas Book Co.*, 794 F. 2d 358, 360 (8th Cir. 1986).

Furthermore, "an ERISA plan must embody a 'set of administrative practices.'"  *Johnston v. Paul Revere Life Ins. Co.*, 241 F. 3d 623, 629 (8th Cir. 2001) (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1,11-12 (1987)). Where no ongoing administrative apparatus is required to provide the employee benefit, there is no "plan." *Fort Halifax,* 482 U.S. at 11.  (Maine law requiring one-time severance payments in event of plant closing not preempted by ERISA because it "neither establishes, nor requires the employer to maintain, an employee welfare benefit plan.")

> The pivotal inquiry is whether the plan requires the establishment of a separate, ongoing administrative scheme to administer the plan's benefits. Simple or mechanical determinations do not necessarily require the establishment of such an administrative scheme; rather, an employer's need to create an administrative system may arise

where the employer, to determine the employees' eligibility for and level of benefits, must analyze each employee's particular circumstances in light of the appropriate criteria.

*Kulinski*, 21 F.3d at 257.

In determining whether the agreement to make monthly payments is an ERISA plan requiring an administrative scheme, the court must consider whether the payments are a one-time lump sum or are continuous; whether the employer took a long-term obligation with regard to the payments; whether the payments result from a single, unique event or are paid whenever an employer terminates an employee; and whether the severance arrangement requires the employer to employ a case-by-case review of the employees. *Crews v. General Am. Life Ins. Co.,* 274 F.3d 502, 506 (8th Cir. 2001).

"An ongoing administrative scheme" is necessary when "to determine the employees' eligibility for and level of benefits[, the employer] must analyze each employee's particular circumstances in light of the appropriate criteria." An ongoing administrative scheme is unnecessary, however, when severance payments may be calculated by "simple or mechanical determinations."

*Eide v. Grey Fox Tech. Svces Corp.*, 329 F. 3d 600, 605 (8th Cir. 2003) (quoting *Kulinski*, 21 F. 3d at 257).

### III. ANALYSIS

The central issue is whether the monthly payment plan as set forth in the memorandum in this case constitutes a "plan" within the meaning of ERISA. Plaintiff argues that there is no ERISA plan in existence. The memorandum neither makes reference to a plan nor has a summary plan description. *See* 29 U.S.C. § 1021(a) (summary plan description and information required to be furnished to participants and beneficiaries).

The agreement to make monthly payments as set forth in the memorandum hardly satisfies the bare-bones requirements of *Donovan*. The only factor satisfying the *Donovan* test is that plaintiff

will receive monthly payments of $660.00. There is no indication as to how defendant calculated the monthly benefit or the source of the financing, whether from general assets, a retirement account, a trust, or some other source.   Indeed, the type of benefit itself is unclear.  It is characterized as "subsidy pay" as well as a "lifetime retirement supplement."  No class of beneficiaries is identified other than plaintiff.  There is no indication that other employees resigned in lieu of transfer and received benefits.  Furthermore, the memorandum sets forth no procedure for the parties to mutually agree to a different arrangement.

Defendant's decision to extend benefits to plaintiff "does not compel the conclusion that it had established a pension plan."  *Diak v. Dwyer, Costello & Knox, P. C.*, 33 F. 3d 809, 811 (7th Cir. 1994).  The payment plan in this instance is akin to the ad hoc payment of pension benefits to certain individuals in *Diak*.  There, the court found that the employer had not established a pension plan by paying some retired employees pension benefits.  *Id.*  The pension payments in *Diak* were individual contracts executed upon each person's retirement.  *Id.*

Moreover, the court cannot find that an administrative apparatus is required for payment of the benefits.  Here, the payments were made in response to a single, unique event, i.e., the resignation of plaintiff in lieu of transfer.  While a long-term obligation is imposed on defendant, defendant does not have to exercise any discretion in processing the benefit.  As plaintiff was the only employee eligible for the benefit, defendant did not have to determine whether other employees were eligible.  No case-by-case- review is required.  *See* Peter J. Wiedenbeck, *Implementing ERISA: Of Policies and Plans*, 72 Wash. U. L. Q. 559, 588 (1994) (method or duration of payment is not necessarily dispositive; court decisions appear to rely on the presence or absence of discretion in processing the benefit claim).

Nothing more than writing a monthly check is required of defendant. *See Fort Halifax*, 482 U.S. at 12 ("To do little more than write a check hardly constitutes the operation of a benefit plan."); *Kulinski*, 21 F.3d at 258 (simple mechanical task of writing a check does not require establishment of administrative scheme).   That the parties might at some point agree to a change in the amount of the  payment does not convert the payment plan into a discretionary ERISA plan.  Any change would be unique to plaintiff and defendant and would be mutually agreed upon, not left to defendant's sole discretion.

## IV.  CONCLUSION

In sum, the court finds that the agreement to pay plaintiff monthly benefits as set forth in the July 10, 1990 memorandum is not an ERISA Plan, and removal of this action was improper.  The motion to remand  (Doc. No. 3) is granted and the case is remanded to the Saline County, Arkansas Circuit Court.

IT IS SO ORDERED this 28th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE